UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LORENZO SMITH, SR.,

    Plaintiff,                                  Case No. 3:16-cv-391

vs.

BANK OF AMERICA, *et al*.,         District Judge Thomas M. Rose
                                                     Magistrate Judge Michael J. Newman

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S COMPLAINT (DOC. 2) BE DISMISSED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

This civil case arises from a mortgage loan agreement previously entered into by *pro se* Plaintiff Lorenzo Smith, Sr. ("Smith") and a successor of Defendant Bank of America. Docs. 2, 6-1, 6-1, 6-3.[2] In 2013, Bank of America instituted foreclosure proceedings against Smith in the Montgomery County, Ohio Court of Common Pleas. Doc. 6-1, 6-2. Ultimately, the Common Pleas Court entered judgment against Smith and the mortgaged property was sold at a Sheriff's sale -- and such sale was confirmed by the Common Pleas Court on April 14, 2016. Doc. 6-3.

Five months later, on September 13, 2016, Smith filed a complaint in this Court asserting, in a conclusory fashion, that Bank of America and other individual Defendants:[3] (1) violated a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Because this case is before the Court on Defendants' motion to dismiss (doc. 6), the Court sets forth this brief factual background based upon the allegations in Smith's complaint, as well as public records on the docket of the Montgomery County, Ohio Court of Common Pleas. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (stating that, when considering a motion to dismiss under Fed. R. Civ. P. 12, "[i]n addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice."

[3] Smith also names Benjamin Godinez and Kim Clayton as Defendants in this case. *See* doc. 2 at PageID 19. Godinez and Clayton allegedly processed Smith's loan modification applications for Bank of America. *Id.*

written modification agreement; (2) failed to follow all legal procedures and regulations before instituting foreclosure proceedings; (3) delayed action on his requested loan modifications; (4) engaged in misleading and/or fraudulent conduct; and (5) violated the Ohio Consumer Sales Practices Act ("OCSPA").  Doc. 2 at PageID 17, 19.  Defendants filed a motion to dismiss Smith's *pro se* complaint arguing that Smith's claims are barred by the *Rooker-Feldman* doctrine[4] and that the OCSPA either does not apply to them or Smith fails to alleged sufficient facts to support his conclusory allegations.[5]  Doc. 6.

      Smith did not oppose Defendants' motion within the time for doing so under S.D. Ohio Local Rule 7.3.  Therefore, on November 28, 2016, the undersigned directed Smith to show cause as to why Defendants' motion should not be granted.  Doc. 9.  The Court notified Smith that his failure to respond to the Show Cause Order could result in the dismissal of his case for failure to prosecute.  *Id*.  Smith responded to the Court's Show Cause Order by requesting additional time to file a memorandum in opposition.  Doc. 10.  The undersigned, acting in the interest of justice, granted Smith's request for an extension of time, ordered that he file a memorandum in opposition on or before March 7, 2017, and again notified him that his failure to do so could result in a dismissal of the case for failure to prosecute.  Doc. 11.  To date, *pro se* Plaintiff has failed to file a memorandum in opposition to Defendants' motion to dismiss and the time for doing so -- as generously extended by the undersigned -- expired approximately one month ago.

---

[4] Under the *Rooker-Feldman* doctrine, the federal courts lack authority to sit as a state appellate court to review state-court determinations. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  The Supreme Court recently clarified that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The pertinent inquiry is whether the "source of injury" upon which the plaintiff bases his or her federal claim is a state court judgment. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

[5] The undersigned agrees that Smith's complaint fails to allege sufficient facts to support an OCSPA claim.  *See Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013).

Based upon Smith's failure to oppose Defendants' motion to dismiss, and based upon his failure to do so as specifically ordered by the Court, this case should be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Mabone v. Yarbrough*, No. 91-5963, 1992 WL 68236, at *1-2 (6th Cir. Mar. 30, 1992) (affirming the district court's dismissal of *pro se* Plaintiff's complaint for failure to prosecute under Rule 41(b) where *pro se* Plaintiff "failed to respond to the defendants' motions to dismiss within the readily comprehended court deadlines of which he was well-aware").

In the alternative, dismissal is merited because Smith's *pro se* claims are either barred by: the *Rooker-Feldman* doctrine (as an inappropriate attempt to challenge here what occurred in the Common Pleas Court instead of filing an appeal in state court); by application of collateral estoppel or *res judicata* (since Smith litigated, or could have litigated, the issues or claims presented here in the Common Pleas Court), *see Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 601-03 (6th Cir. 2014); and/or as a result of Smith's failure to allege specific facts upon which his claims could plausibly be based.  *See Bihn*, 980 F. Supp. 2d at 904.

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's complaint (doc. 2) be **DISMISSED**; and (2) this case be **TERMINATED** on the Court's docket.


Date:  April 4, 2017                       s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).